UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BARBARA M., | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   1:18-cv-00186-JDL |
| | ) |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) |
| | ) |
|     Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff Barbara M.'s application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retains the functional capacity to perform substantial gainful activity consisting in a subset of the light-duty job base. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand for further proceedings.

## The Administrative Findings

The Commissioner's final decision is the August 2, 2017, decision of the

Administrative Law Judge. (ALJ Decision, ECF No. 9-2.)[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. §§ 404.1520, 416.920.

The ALJ found Plaintiff has severe, but non-listing-level impairments consisting of bilateral osteoarthritis of the knees, status post-wrist fracture (non-dominant), and shoulder dysfunction (non-dominant). (*Id.* ¶¶ 3, 4.) The ALJ also found that despite her impairments, Plaintiff has the residual functional capacity (RFC) to meet the weight demands of light work, except that Plaintiff cannot stand for more than two hours in an eight-hour workday and can only occasionally push, pull, reach, and handle with her non-dominant left upper extremity.[2] (*Id.* ¶ 5.)

With the RFC as determined by the ALJ, Plaintiff cannot perform past relevant work. (*Id.* ¶ 6.) The ALJ, however, determined that Plaintiff can transition to other jobs existing in significant numbers in the national economy, including the representative job of cashier within the specific context of parking lot attendants (Dictionary of Occupational Titles # 211.462-010 / 23,000 jobs) and self-service gas stations (DOT # 211.462-010 / 240,000 jobs), and also the job of toll collector (DOT # 211.462-038 / 10,000 jobs). (*Id.* ¶ 10.) Plaintiff has a "limited" education (*Id.* ¶ 8), and was "closely approaching advanced age" when the ALJ issued her decision. (*Id.* ¶ 7.)

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

[2] The ALJ also found certain postural limitations that are not implicated by Plaintiff's appeal.

**Standard of Review**

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS,* 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**Discussion**

Plaintiff argues the ALJ erred when she failed to acknowledge that the RFC finding describes a sedentary work capacity rather than a restricted light work capacity, redefined the cashier job in a way that does not contemplate the actual demands regarding standing, did not ask the vocational expert to discuss the degree of erosion of the light-exertion job base, improperly distinguished a subset of cashier jobs, did not consider the fact that many toll collector jobs are part-time, and failed to acknowledge that cashier jobs require frequent reaching and handling. (Statement of Errors, ECF No. 13.)

The ALJ found Plaintiff to be "restricted [] to a range of light work that involve[s] standing and walking for no more than two hours per day." (R. 18.) In forming the RFC, the ALJ gave great weight to the opinion of consulting expert Phyllis Sandell, M.D. (R.

19, discussing Ex. 14A, R. 157–59.) Dr. Sandell concluded that Plaintiff occasionally can manage weights up to 20 pounds, and frequently manage weights of up to 10 pounds, but would have to work from a seated position for 6 hours in an 8-hour workday.[3] (*Id.*)

Plaintiff argues the ALJ improperly characterized Plaintiff's RFC as a restricted light-duty work capacity rather than a sedentary work capacity. Plaintiff contends the error is prejudicial because, due to her age, she would be disabled under the Medical-Vocational Guidelines (the "Grid") if the ALJ recognized that Plaintiff was limited to a sedentary work capacity.[4] (Statement of Errors at 3–4.) Defendant does not contest the assertion that Plaintiff's age placed her in an advantaged grid category, but Defendant argues the light-work classification was a supportable finding. (Response at 2–4, & 9 n.3.)

At step 5, the burden shifts to the Commissioner to establish that the jobs a claimant can perform exist in the national economy in significant numbers, giving particular attention to the claimant's age, education, work experience, and residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1), 416.920(a)(4)(v), (g)(1); *Goodermote v. Sec'y of HHS*, 690 F.2d 5, 7 (1st Cir. 1982). This burden is typically addressed through a combined reliance on the Medical–Vocational Guidelines (a/k/a "the Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2, and the testimony of a vocational expert, who is asked to

---

[3] The documents containing Dr. Sandell's opinion include assessments authored by a disability examiner. At page 9 of Exhibit 14 A (R. 159), there is a notation that "RFC is for seated light which precludes PRW (laundry worker) which is described as heavy work by claimant and medium work by DOT. This changes the RFC from seated light to sedentary work." Defendant argues convincingly that this notation must be understood to express an analysis performed by the disability examiner, not Dr. Sandell. *See*, *e.g.*, *Miles v. Berryhill*, No. 16-cv-1229, 2018 WL 1255761, at *3 (W.D. Okla. Mar. 12, 2018).

[4] *See* 20 C.F.R. Part 404, Subpt. P, App'x 2, § 201.09; Disability–Medical-Vocational Guidelines–Conclusiveness of Rules, Social Security Ruling 83-5a, 1983 WL 31250 (SSA 1983).

consider one or more hypothetical RFC findings. *Goodermote*, 690 F.2d at 7; *Arocho v. Sec'y of HHS*, 670 F.2d 374, 375 (1st Cir. 1982). "'The Grid,' … consists of a matrix of the applicant's exertional capacity, age, education, and work experience. If the facts of the applicant's situation fit within the Grid's categories, the Grid 'directs a conclusion as to whether the individual is or is not disabled.'" *Seavey v. Barnhart*, 276 F.3d 1, 5 (1st Cir. 2001) (citing 20 C.F.R. pt. 404, subpt. P, App. 2, § 200.00(a)). Even when the Grid does not direct a conclusion, it provides a "framework to guide the decision." *Id.* (citing 20 C.F.R. § 416.969a(d)).

For example, a claimant's exertional capacity may fit squarely in the "light exertion" grid category, and because of the claimant's younger age and high school education, the Grid may point toward the conclusion that the claimant is not disabled. In such a case, the ALJ can take administrative notice of the fact that the claimant's ability to perform the entire occupational base of unskilled, light-exertion work establishes that the claimant can transition to other work existing in significant numbers in the national economy, thereby satisfying the Commissioner's burden of proof at step 5. *See* Grid § 200.00(b). If the same claimant has additional, nonexertional impairments that erode his or her ability to perform the work that comprises the light-exertion occupational base, then, unless the degree of erosion is only marginal,[5] the ALJ must ask a vocational expert about the claimant's ability to perform actual jobs, and whether the jobs exist in significant numbers in the national economy; the ALJ may not simply conclude the claimant is not disabled based on the Grid.

---

[5] *See, e.g.*, *Garcia-Martinez v. Barnhart*, 111 F. App'x 22, 23 (1st Cir. 2004); *Geoffroy v. Sec'y of HHS*, 663 F.2d 315, 318 (1st Cir. 1981)

5

*Rose v. Shalala,* 34 F.3d 13, 19 (1st Cir. 1994); *Ortiz v. Sec'y of HHS,* 890 F.2d 520, 524 (1st Cir. 1989).

In this case, the issue is the extent to which Plaintiff's particular nonexertional limitations (and other vocational factors) erode the occupational base; *i.e.,* "how much the individual's work capability is further diminished in terms of any types of jobs within these exertional ranges that would be contraindicated by the additional limitations or restrictions." *Titles II & XVI: Capability to Do Other Work—The Medical–Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments,* SSR 85–15 (S.S.A. 1985). Plaintiff contends her nonexertional limitations, especially her ability to walk/stand for only two hours, erode the light occupational base to such a degree that the sedentary grid is the appropriate grid to apply in her case, which grid directs a finding that she is disabled.

Under Defendant's regulations, light work involves lifting up to 20 pounds occasionally and 10 pounds frequently, and a job may also be classified as light if it does not require significant lifting, but "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b); *see also* SSR 83-10, 1983 WL 31251, at *6 (1983) (light work generally involves standing or walking at least six hours in an eight-hour day). Sedentary work, by contrast, involves lifting no more than 10 pounds at a time, and only occasional walking and standing. 20 C.F.R. §§ 404.1567(a), 416.967(a); *see also* SSR 83-10, 1983 WL 31251, at *5. Based on the ALJ's supportable findings, Plaintiff' RFC is

between light-duty work capacity and sedentary because Plaintiff's capacity to lift is in the light category and her ability to walk/stand is in the sedentary category.

Pursuant to agency rules, when a claimant has an RFC that falls between "ranges of work," "the occupational base is affected and may or may not represent a significant number of jobs in terms of the rules directing a conclusion as to disability." *Titles II and XVI: Capability to Do Other Work – The Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations Within a Range of Work or Between Ranges of Work*, Social Security Ruling 83-12 (S.S.A. 1983), 1983 WL 31253 at *2. When a claimant's RFC is between ranges, adjudicators are directed to "consider the extent of any erosion of the occupational base and access [sic] its significance." *Id.* The Ruling includes the following "Adjudicative Guidance":

> If the exertional level falls between two rules which direct opposite conclusions, i.e., "Not disabled" at the higher exertional level and "Disabled" at the lower exertional level, consider as follows:
>
> a. An exertional capacity that is only slightly reduced in terms of the regulatory criteria could indicate a sufficient remaining occupational base to satisfy the minimal requirements for a finding of "Not disabled."
>
> b. On the other hand, if the exertional capacity is significantly reduced in terms of the regulatory definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of "Disabled."
>
> c. In situations where the rules would direct different conclusions, and the individual's exertional limitations are somewhere "in the middle" in terms of the regulatory criteria for exertional ranges of work, more difficult judgments are involved as to the sufficiency of the remaining occupational base to support a conclusion as to disability.

*Id.* at * 2-3. [6]

Here, the ALJ did not explicitly assess whether Plaintiff has "a slightly reduced capacity" or a "significantly reduced capacity" for light work. Instead, the ALJ simply asked the vocational expert to identify light-exertion jobs in a typical "framework" scenario. (Hr'g Tr. at 66 – 76.) While an ALJ may rely on the testimony of a vocational expert to make such a determination, *see Blackburn v. Comm'r of Soc. Sec.*, No. 18-5123, 2018 WL 4378665 (6th Cir. Sept. 14, 2018) (affirming administrative decision, but claimant could stand for four hours), in this case, neither in her analysis, nor in her questioning of the expert, did the ALJ directly acknowledge that the RFC fell between two work levels, including one that would require a finding of disability, nor did the ALJ make a finding as to whether Plaintiff's capacity to perform light-exertion work was slightly or significantly reduced. In addition, the vocational expert's testimony did not adequately address the issue. For instance, the expert's reliance in part on her placement of individuals in the jobs "several years" ago of the jobs to support her opinion that Plaintiff could perform the jobs was not particularly compelling or convincing. The expert provided no context

---

[6] Plaintiff relies on POMS § DI 25015.006, which section discusses borderline age scenarios. (Statement of Errors Ex. A, ECF No. 13-1.) Section 25015.006 does not directly apply to a situation involving a claimant with a work capacity that falls between two grid categories. However, it offers an example in which a claimant with a four-hour limitation in standing/walking is treated as having only a sedentary capacity because such a limitation "significantly erodes the occupational base of light work." (*Id.*, PageID # 776.) Defendant objects to application of the example, because it is drawn from a section of the POMS that is concerned with the issue of borderline age, not the exertional categories applied in the grids. (Response at 9-10.) Defendant also objects to consideration of the example because it has been abandoned in the revised POMS effective July 6, 2017. (*Id.* at 9 n.4.) I am not persuaded that the example found in the earlier version of POMS § DI 25015.006 compels a conclusion that Plaintiff is entitled to application of the sedentary grid rule. Instead, POMS § DI 25025.015, which the parties did not discuss, offers the relevant guidance.

for the experience and no specific examples. In addition, the expert's description of the RFC as "essentially sedentary" at one point (Hr'g Tr. at 67) only generates further questions about the level of Plaintiff's capacity.

When a claimant's RFC is between two ranges, and particularly where one level would require a finding of disabled under the Grid, an ALJ must assess whether the claimant has a slightly or significantly reduced capacity for the range that would permit a finding of not disabled. In this case, the ALJ did not make the necessary finding. To the extent Defendant relies on the ALJ's assessment of the erosion of the unskilled light occupational base to satisfy that requirement, the vocational expert's testimony, upon which the ALJ relied, is insufficient.[7]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.[8]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

---

[7] This recommended decision should not be construed as a determination that an ALJ cannot rely on the testimony of a vocational expert to make the assessment. As the court in *Blackburn* found, a vocational expert's testimony that identified "many light and sedentary" jobs, was sufficient. *Blackburn*, 2018 WL 4378665 at * 2.

[8] Because I have determined that remand is warranted based on the ALJ's failure to conduct the individual assessment under the circumstances, I have not addressed Plaintiff's other claimed errors.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of February, 2019.