# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| BARBARA M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:18-cv-00186-JDL |
| | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION | ) |
| COMMISSIONER, | ) |
| | ) |
| Defendant. | ) |

## ORDER ACCEPTING THE RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

United States Magistrate Judge John C. Nivison filed his Recommended Decision (ECF No. 24) on Barbara M.'s disability benefits appeal with the Court on February 15, 2019, pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2019) and Fed. R. Civ. P. 72(b). The Defendant, the Commissioner of Social Security (the "Commissioner"), filed an Objection to the Recommended Decision (ECF No. 25), and Barbara M. filed a Response to the Commissioner's Objection (ECF No. 26).

After reviewing and considering the Magistrate Judge's Recommended Decision, together with the entire record, I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. For the reasons discussed below, I accept the Magistrate Judge's recommendation that the administrative decision be vacated and the matter remanded for further proceedings.

The Recommended Decision concludes that remand is necessary on two grounds: (1) that where a claimant's residual functional capacity falls between two

ranges of work, Social Security Ruling (SSR) 83-12 requires the Administrative Law Judge ("ALJ") to make an explicit finding regarding whether the claimant has a slightly or significantly reduced capacity for the range of work that would permit a finding of not disabled, and the ALJ failed to make the necessary finding; and (2) that the vocational expert's testimony, upon which the ALJ relied, was insufficient to support the ALJ's conclusion at Step Five that there exist a significant number of jobs in the national economy that Barbara M. can perform. ECF No. 24 at 7-9. The Commissioner objected to the Recommended Decision, arguing that "[n]othing in SSR 83-12 requires the ALJ to make any explicit finding as to whether the claimant's work capacity is 'slightly' or 'significantly' reduced" and that "the ALJ did everything that SSR 83-12 requires" by "consult[ing] a vocational expert to determine the sufficiency of the remaining occupational base." ECF No. 25 at 4 (internal quotation marks omitted).

I conclude that SSR 83-12 did not require the ALJ to make an explicit finding regarding the degree of erosion of the occupational base for light work in this case. *See, e.g., Knapton v. Soc. Sec. Admin. Comm'r*, No. 1:13-cv-00168-GZS, 2014 WL 1608389, at *5 (D. Me. Apr. 22, 2014) (concluding that SSR 83-12 does not require an ALJ to "assign a claimant with a residual functional capacity assessment that falls between two levels to a particular level. Rather, the Ruling states that when the extent of erosion is not clear, the ALJ must consult a vocational expert[.]"); *Boone v. Barnhart*, 353 F.3d 203, 210 (3d Cir. 2003) (same). However, I also conclude that remand is warranted because the vocational expert's testimony does not constitute

substantial evidence sufficient to support the ALJ's conclusion that there exist a significant number of jobs in the national economy that Barbara M. can perform.

The administrative decision must be upheld "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018) (internal quotation marks omitted) (quoting *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981)). Here, the ALJ found that Barbara M. could only occasionally reach and handle with her left arm. The vocational expert who testified at Barbara M.'s administrative hearing concluded that a person with Barbara M.'s residual functional capacity is capable of performing several jobs that exist in significant numbers in the national economy. The Dictionary of Occupational Titles ("DOT") definition of each job that the vocational expert identified, however, calls for frequent, rather than occasional, reaching and handling. 211.462-010 CASHIER II, DICOT 211.462-010, 1991 WL 671840; 211.462-038 TOLL COLLECTOR, DICOT 211.462-038, 1991 WL 671847. The ALJ relied on the vocational expert's testimony to conclude that Barbara M. could perform the jobs, even with the limitation on her ability to reach and handle.

Social Security Ruling 00-4p provides that, when there is a conflict between a vocational expert's testimony and the DOT, "[n]either the DOT nor the [vocational expert] evidence automatically 'trumps.'" *Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions*, SSR 00-4P at *2 (S.S.A. Dec. 4, 2000), 2000 WL 1898704. Rather, "the adjudicator must elicit a reasonable explanation for the

conflict" from the vocational expert, and then "resolve the conflict by determining if the explanation given by the [vocational expert] is reasonable and provides a basis for relying on the [vocational expert] testimony rather than on the DOT information." *Id.*

Here, the vocational expert provided a brief explanation for how Barbara M. could perform the jobs that she identified even though the ALJ had found that Barbara M. can only occasionally reach and handle with her left arm. ECF No. 9-2 at 71-72. The vocational expert then testified that the basis for her explanation was her experience but that it had been "several years" since she placed someone in one of those jobs. *Id.* at 76. The Recommended Decision correctly notes that "[t]he expert provided no context for the experience" of her placing individuals with similar limitations in the available jobs she identified "and no specific examples." ECF No. 24 at 8-9. I therefore conclude that the vocational expert's explanation for the conflict between her testimony and the DOT was not reasonable and, consequently, that there is no basis to rely on the vocational expert's testimony rather than the information in the DOT. Accordingly, the evidence is inadequate to support the Commissioner's conclusion at Step Five that Barbara M. is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

For the preceding reasons, it is **ORDERED** that the Recommended Decision (ECF No. 24) of the Magistrate Judge is hereby **ACCEPTED IN PART** and **DENIED IN PART**, the Commissioner's decision is **VACATED**, and the matter is **REMANDED** for further proceedings.

4

**SO ORDERED.**

**Dated this 18th day of July, 2019.**

                                                        /s/ Jon D. Levy
                                     **CHIEF U.S. DISTRICT JUDGE**