## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BARBARA M., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|        v. | )   1:18-cv-00186-JDL |
| | ) |
| ANDREW SAUL, Commissioner of | ) |
| Social Security, | ) |
| | ) |
|    Defendant. | ) |

### ORDER ON MOTION FOR FEES AND EXPENSES

Barbara M. previously applied for disability insurance benefits and supplemental security income benefits under the Social Security Act. The Social Security Administration Commissioner denied her application, and Barbara M. sought judicial review of the Commissioner's decision. This Court vacated the Commissioner's decision and remanded the matter to the Commissioner. Barbara M. now moves for an award of fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412. The Commissioner opposes the motion, arguing that Barbara M. is not entitled to fees and expenses under the Act because his litigation position was substantially justified. In the alternative, the Commissioner argues that Barbara M.'s requested award should be reduced. For the reasons I will explain, I grant Barbara M.'s motion (ECF No. 29) but award less than the full amount she seeks.

### I. BACKGROUND

On August 2, 2017, an Administrative Law Judge ("ALJ") denied Barbara M.'s application for disability insurance benefits and supplemental security income

benefits under the Social Security Act. The ALJ's decision was the Commissioner's final administrative decision. Barbara M. sought judicial review of the ALJ's decision. After a hearing held on December 11, 2018, Magistrate Judge John C. Nivison issued a Report and Recommended Decision recommending that I vacate the ALJ's decision.

In my order accepting in part and rejecting in part the Magistrate Judge's Recommended Decision, I noted that an administrative decision must be upheld "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Commissioner's] conclusion." ECF No. 27 at 3 (quoting *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018)). The administrative decision had relied on the testimony of a vocational expert to demonstrate that Barbara M. was capable of performing work that existed in significant numbers in the national economy. The vocational expert's testimony conflicted with information contained in the Dictionary of Occupational Titles, which indicated that someone with Barbara M.'s limitations could not perform the jobs the vocational expert had identified. I found that the vocational expert's explanation of the conflict between her testimony and the Dictionary of Occupational Titles was not reasonable and, consequently, that there was "no basis" for the ALJ to rely on the vocational expert's testimony rather than the information in the Dictionary of Occupational Titles. *Id.* at 4. I therefore determined that the evidence was inadequate to support the ALJ's conclusion that Barbara M. was capable of performing work that existed in significant numbers in

the national economy. Accordingly, I vacated the ALJ's decision and remanded the matter for further proceedings.

Barbara M. now moves for fees and expenses under the Equal Access to Justice Act, and the Commissioner opposes the motion, claiming that Barbara M. is not entitled to fees because his defense of the ALJ's decision was substantially justified. In the alternative, the Commissioner requests that the Court reduce the fee award.

## II. ANALYSIS

Under the Equal Access to Justice Act, "a court shall award" fees and expenses "to a prevailing party other than the United States" in certain civil cases involving the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (West 2020). A party can receive fees and expenses for prevailing against the Commissioner of the Social Security Administration because the Commissioner is included in the Act's definition of "United States." 28 U.S.C. § 2412(d)(2)(C).

The Commissioner does not dispute that Barbara M. was the prevailing party in this action, nor does the Commissioner argue that any special circumstances make an award unjust. The Commissioner contends, however, that Barbara M. is not entitled to fees and expenses under the Equal Access to Justice Act because the Commissioner's position in this case was substantially justified. "A 'position' of the United States is 'substantially justified' if it is 'justified to a degree that could satisfy a reasonable person'—that is, if the position has a 'reasonable basis both in law and

fact.'" *McLaughlin v. Hagel*, 767 F.3d 113, 117 (1st Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The Commissioner bears the burden of making this showing by a preponderance of the evidence. *See Saysana v. Gillen,* 614 F.3d 1, 5 (1st Cir. 2010).

The Commissioner asserts that his position was substantially justified for two reasons. First, the Commissioner argues that he reasonably defended the ALJ's reliance on the vocational expert's testimony. Second, the Commissioner argues that the Court found in his favor with respect to Barbara M.'s primary argument, showing that his position on the case as a whole was substantially justified. I analyze each argument in turn.

**A.     Whether the Commissioner's Defense Was Reasonable**

The Commissioner contends that his defense of the ALJ's reliance on the vocational expert's testimony had a reasonable basis in both fact and law, despite the conflict between the vocational expert's testimony and the Dictionary of Occupational Titles. The Commissioner relies on a Social Security Ruling that permits vocational experts to "provide more specific information about jobs or occupations than the [Dictionary of Occupational Titles]," including information drawn from a vocational expert's "experience in job placement or career counseling." SSR 00-4p, 65 Fed. Reg. 75,759, 75,760 (Dec. 4, 2000), 2000 WL 1765299.

However, in my order vacating the administrative decision, I did not focus on whether ALJs may rely generally on evidence provided by vocational experts, but whether there was a reasonable basis for relying on such evidence in this case. An

4

ALJ must elicit from the vocational expert a "reasonable explanation" for any conflict between the vocational expert's testimony and the Dictionary of Occupational Titles, and then "resolve the conflict by determining if the explanation given by the vocational expert is reasonable and provides a basis for relying on the vocational expert testimony rather than on the Dictionary of Occupational Titles information." ECF No. 27 at 3–4 (alterations omitted) (quoting SSR 00-4p, 65 Fed. Reg. at 75,760). Here, the vocational expert explained that she was relying on her experience when she offered testimony that conflicted with the Dictionary of Occupational Titles. I found that there was no rational basis for relying on this explanation because the vocational expert (1) had not placed anyone in any of the jobs she suggested in several years, and (2) did not provide context or specific examples demonstrating that the people she had placed in those jobs had limitations similar to Barbara M.'s. *See id.* at 4. Thus, I concluded that the administrative decision's reliance on the vocational expert's testimony lacked adequate support.

The Commissioner nevertheless argues that he was substantially justified in defending the ALJ's reliance on the vocational expert's testimony because the law was unclear as to how much detail the vocational expert was required to put forth. "[L]ack of clarity in the law strongly suggests substantial justification for the government's position." *In re Davila-Bardales*, 47 F.3d 1156, 1995 WL 76859, at *3 (1st Cir. Feb. 27, 1995) (unpublished table decision). Accordingly, the government's position is substantially justified where there is "authority going both ways on the dispositive issue." *Hastings v. Berryhill*, No. 17-cv-84-JL, 2019 WL 1451982, at *5

(D.N.H. Mar. 27, 2019). To show that the law was unclear, the Commissioner points to several cases holding that a vocational expert's experience is sufficient to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupation Titles.

However, the caselaw the Commissioner relies on does not suggest that a vocational expert's experience can resolve such a conflict where that experience is insufficient or irrelevant. *See, e.g., Gonzalez v. Berryhill*, No. 4:16-cv-40134-TSH, 2018 WL 1940311, at *16 (D. Mass. Feb. 2, 2018) (rejecting plaintiff's argument that vocational expert "impermissibly offered nothing beyond his own say-so to support his testimony," because the vocational expert had sufficient professional experience), *adopted sub nom. Gonzalez v. Colvin*, 2018 WL 1957158 (D. Mass. Mar. 1, 2018); *Garay v. Berryhill*, No. 3:16-cv-30122-KAR, 2017 WL 4238861, at *7, *12 (D. Mass. Sept. 25, 2017) (affirming the ALJ's reliance on a vocational expert's explanation where the vocational expert "testified to appropriate experience on which to base his opinion," namely his experience contacting employers to discuss the job requirements at issue and his experience placing individuals in such positions); *Barker v. Astrue*, Civil No. 09-437-P-S, 2010 WL 2680532, at *5 (D. Me. June 29, 2010) (crediting the vocational expert's explanation for the discrepancy based on his "direct knowledge from 30 years of placement experience"), *adopted by* 2010 WL 3082340 (D. Me. Aug. 4, 2010).

By contrast, the vocational expert's experience was plainly inadequate to resolve the conflict between her testimony and the Dictionary of Occupational Titles.

6

As noted above, the vocational expert acknowledged that it had been several years since she placed someone in one of the jobs she described, provided no context as to her experience placing individuals with limitations similar to Barbara M.'s in the jobs she described, and offered no specific examples.  Thus, the ALJ's reliance on the vocational expert's testimony instead of the Dictionary of Occupational Titles was unreasonable.  "A remand based on reasonableness considerations reflects that the Commissioner's litigation position was not substantially justified." *Bachelder v. Soc. Sec. Admin. Comm'r*, No. 1:09-cv-436-JAW, 2010 WL 4412291, at *2 (D. Me. Oct. 29, 2010) (citing *Dionne v. Barnhart,* 230 F. Supp. 2d 84, 86 (D. Me. 2002)), *adopted sub nom. Bachelder v. Astrue*, 2010 WL 4737829 (D. Me. Nov. 16, 2010).  Accordingly, the Commissioner's argument that the vocational expert had put forth a sufficient explanation for the discrepancy between her testimony and the Dictionary of Occupational Titles was not substantially justified.

B. **Whether the Commissioner's Position on the Entire Case Was Substantially Justified**

The Commissioner also contends that the Government's position was substantially justified because the Commissioner "successfully persuaded" the Court "to reject the argument that was [Barbara M.'s] primary focus," which resulted in "a much more limited remand" than the Magistrate Judge recommended.  ECF No. 30 at 5.  "While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items."  *Saysana*, 614 F.3d at 5 (alteration omitted) (quoting *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–62 (1990)).  Put

differently, a court must "arrive at one conclusion that simultaneously encompasses and accommodates the entire civil action" when evaluating the Government's position. *Id.* (quoting *Dantran, Inc. v. U.S. Dep't of Labor*, 246 F.3d 36, 41 (1st Cir. 2001)).

As the Commissioner contends, the remand I granted is narrower than the remand contemplated by the Magistrate Judge's Recommended Decision. However, "the substantial justification standard is not a balancing test," despite *Saysana*'s language about treating each case as an "inclusive whole" when determining whether fees are available under the Equal Access to Justice Act. *Knudsen v. Colvin*, No. 2:14-cv-155-JHR, 2015 WL 4628784, at *2 (D. Me. July 31, 2015). As such, the fact that the Commissioner prevailed on one of two arguments does not render his litigation position substantially justified. *See id.*; *see also Glenn v. Comm'r of Social Sec.*, 763 F.3d 494, 498–99 (6th Cir. 2014). To the contrary, the Commissioner's opposition to remand was not substantially justified for the reasons stated in my prior decision and elaborated above. Accordingly, Barbara M. is entitled to a fee award under the Equal Access to Justice Act. I now turn to the parties' dispute over the amount of the award.

C.   **Scope of the Award**

A plaintiff bears the burden of establishing the reasonableness of the rates and hours submitted in their application for fees. *See Knudsen*, 2015 WL 4628784, at *1 (quoting *Mason v. Me. Dep't of Corr.*, 387 F. Supp. 2d 57, 60 (D. Me. 2005)). The court is required to determine what fee award is reasonable considering the number of hours reasonably expended on the litigation, the reasonableness of the hourly rate,

and the plaintiff's degree of success. *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 436 (1983); *see also McDonald v. Sec'y of Health & Human Servs.*, 884 F.2d 1468, 1480 (1st Cir. 1989). "A fee-shifting award should not compensate attorney effort that was unsuccessful in demonstrating unreasonable government action." *Bachelder*, 2010 WL 4412291, at *2 (citing *McDonald*, 884 F.2d at 1479). "A district court 'should . . . equitably reduce[] the overall award to reflect the plaintiffs' less than complete success and the extent to which their legal work was aimed at contesting the government's *reasonable* position." *Id.* (emphasis in original) (quoting *McDonald*, 884 F.2d at 1480). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Hensley*, 461 U.S. at 436–37.

The Commissioner argues that the Court should not award the full amount Barbara M. seeks under the Equal Access to Justice Act because some of the attorney time focused on issues that were ultimately unsuccessful. The Commissioner proposes reducing the requested attorney hours by 25%, bringing the total number of attorney hours to 33.68.[1] Barbara M. responds that her attorney had an ethical obligation to pursue every viable issue on her behalf. Barbara M.'s argument is well taken, but the Court is nevertheless required to consider the relationship between the amount of the fee awarded and the results obtained. *See Jean*, 496 U.S. at 163 n.10.

---

[1] The Commissioner does not propose any reduction to the requested 1.4 paralegal hours or to the attorney's or paralegal's hourly rates.

Barbara M. characterizes her case as having involved a number of "garden variety" issues around the ALJ's assessment of the vocational expert's evidence, and, as I have discussed, she ultimately prevailed on just one. Barbara M. asserts that she should nevertheless be awarded the full amount of fees requested because she obtained the relief she sought. However, a court may "measure the reasonableness of a Social Security EAJA fee request in part by the yardstick of awards made in comparable cases." *Dowell v. Colvin*, No. 2:13-cv-246-JDL, 2015 U.S. Dist. LEXIS 1128, at *6–7 (D. Me. Jan. 5, 2015). And in a typical Social Security case raising garden variety issues, courts have determined that the "high end of the range" for a reasonable amount of substantive attorney time "may be closer to 30 . . . hours." *Id.* at *11. Further, courts have reduced a plaintiff's fee award where the plaintiff obtained a remand but prevailed on just one of several issues raised in the statement of errors. *See Guimond v. Social Sec. Admin. Comm'r*, No. 1:10-CV-00037-JAW, 2011 WL 3100537, at *2 (D. Me. July 25, 2011) (reducing a fee award from the requested 40 hours to 30 hours where the statement of errors included an argument that was not successful), *adopted sub nom. Guimond v. Astrue*, 2011 WL 3902769 (D. Me. Sept. 6, 2011); *Knudsen*, 2015 WL 4628784, at *1, *2–3 (reducing a fee award from the requested 44.4 hours to 35 hours where the case was remanded on one of the five "garden variety" issues raised in the plaintiff's statement of errors); *see also Bachelder*, 2010 WL 4412291, at *2.

Accordingly, I conclude that a reduction of the requested attorney hours from 44.9 to 35 is justified. Leaving the 1.4 paralegal hours intact, this results in a total

10

fee award of $7,145.25. This is comparable to other fee awards this court has deemed reasonable in the typical Social Security case. *See Miller v. Soc. Sec. Admin. Comm'r*, No. 1:16-cv-00503-JDL, 2017 WL 3597477, at *2 (D. Me. Aug. 21, 2017) (finding 31.7 hours of attorney and paralegal time reasonable); *Dowell*, 2015 U.S. Dist. LEXIS 1128, at *13–15 (finding 34.8 hours of substantive attorney time reasonable).

### III. CONCLUSION

For these reasons, I find that Barbara M. is eligible for an award of attorney's fees and that 36.4 hours is a reasonable amount of compensable time. Accordingly, Plaintiff's Motion for Attorney Fees (ECF No. 29) is **GRANTED**, and Barbara M. is awarded attorney's fees and expenses as follows: $7,012.25 for attorney time ($200.35 × 35 hours) and $133.00 for paralegal time ($95.00 × 1.4 hours) for a total award of $7,145.25.

**SO ORDERED.**

**Dated this 2nd day of June, 2020.**

　　　　　　　　　　　　　　　　　　/s/ JON D. LEVY
　　　　　　　　　　　　　　　　CHIEF U.S. DISTRICT JUDGE